COTULLA STATE BANK v. HERRON et al.
(No. 6020.)

(Court of Civil Appeals of Texas. San Antonio.
April 10, 1918.)

1. JUDGES ⬦50—REFUSAL TO ACT.
   A judge should not try a case in which there is the least ground upon which to base a claim for his disqualification, and if an error is ever made as to disqualification, it should be in favor of the disqualification rather than against it.

2. TRIAL ⬦194(2) — INSTRUCTIONS — PROVINCE OF JURY—"CASUAL."
   The word "casual" meaning something by chance without being foreseen or expected, an instruction referring to a conversation as casual when the evidence tended to show it to have been material and sought by one of the parties was on the weight of the evidence.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Casual.]

3. NEW TRIAL ⬦108(2)—NEWLY DISCOVERED EVIDENCE.
   After judgment for defendants in an action to set aside a previous judgment because of disqualification of the judge, the discovery of a letter, tending to show such judge had acted as advisor and attorney for defendants as to the claim upon which they recovered in the former action, was sufficient to warrant new trial, the evidence not being cumulative.

4. APPEAL AND ERROR ⬦933(1)—REVIEW—DISCRETION OF LOWER COURT.
   Appellate courts treat with great deference the action of lower courts on motions for new trial, but where motion is based on newly discovered evidence that is material and will have an important bearing on the issues, and where the ends of justice will probably be obtained by another trial, new trial will be granted.

Appeal from Dimmit County Court; Covey C. Thomas, Special Judge.

Action by the Cotulla State Bank against H. A. Herron and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

See, also, 191 S. W. 154.

F. R. Williams, of San Antonio, and R. R. Smith, of Jourdanton, for appellant. Vandervoort & Johnson, of Carrizo Springs, for appellees.

FLY, C. J. This is a suit instituted by appellant to set aside a judgment in cause 197 on the docket of the county court of Dimmit county, wherein H. A. Herron was plaintiff, and A. A. Luther, and appellant and another

bank were defendants, and to enjoin the issuance of an execution therein; the sole ground for declaring said judgment void being the disqualification of J. O. Rouse, county judge, who rendered the judgment. The ground of disqualification alleged was that Rouse had been, prior to institution of suit No. 197, retained and employed as an attorney by H. A. Herron, and that his fee was contingent upon the collection of a check for $500 which formed the basis of the suit.

[1] The cause was tried by jury, and the testimony was quite conflicting. It is to be regretted that a judge should try a case in which there is the least ground upon which to base a claim for his disqualification, and, if an error is ever made as to disqualification, it should be in favor of the disqualification rather than against it. An independent, unbiased, disinterested, fearless judiciary is one of the bulwarks of American liberty, and nothing should be suffered to exist that would cast a doubt or shadow of suspicion upon its fairness and integrity. If there should be any evidence tending to show that J. O. Rouse had any interest in any way in the money Herron sought to collect from appellant, that issue should be presented to the jury on another trial.

[2] The charge requested by appellees and given by the court which informed the jury that "a casual allusion in a conversation to a cause of action that is either commenced or may have not yet been commenced and filed in his court will not in itself disqualify him in trying the cause" was upon the weight of the testimony, and should not have been given. It was for the jury to say whether a conversation was important and material or not, and the court should not have dubbed such conversation "casual" when the jury might have deemed it otherwise. "Casual" means something coming by chance, without being foreseen or expected, and no such conversation was shown to have been held between Rouse and Herron, but the one held by them was sought by Herron, and the one held by Rouse and Luther, the maker of the check which formed the basis of the original suit, was not casual, but material and important.

[3] Appellant filed a motion for a new trial, setting out the discovery since the trial of a letter written by J. O. Rouse to another attorney, in which it was disclosed that Rouse had been consulting and advising with appellee, Herron, about the case afterwards brought by him against appellant; that said Rouse had advised Herron to retain the services of W. D. Love, to whom the letter was written by Rouse, to make the arrangements with said Love to assist in the prosecution of Herron's suit against appellant, which suit was afterwards tried by said Rouse as county judge. It appeared that, while W. D. Love is an honorable and highly respected attorney, he was very friendly with Rouse, had

been associated in cases with him, and did not feel inclined to volunteer testimony against him, and this was shown as offering a reason for a failure to sooner obtain the testimony. In view of the character of the testimony offered and the conflict shown, the letter would be very important on another trial, and we think a new trial should have been granted. The evidence contained in the letter, while it may tend to impeach Rouse, has a broader significance, in that it tends to show that Rouse was acting as attorney and counselor for Herron just before the suit against appellant was instituted. The evidence was not cumulative, but was a new and distinct fact, tending to prove the issue in the case, which might change the result on another trial.

[4] Appellate courts treat with great deference the action of trial courts in regard to motions for new trial, but the appellate court is not powerless in such matters, and where the evidence discovered since the trial is material, and will have an important bearing on the issues, and where the ends of justice will probably be obtained by another trial, will grant a new trial. Railway v. Forsyth, 49 Tex. 171; Wolf v. Mahan, 57 Tex. 171.

The jury has found in this case that the evidence adduced by appellant had not been sufficient to satisfy them that the cause in which the assailed judgment was rendered was not tried by a disinterested and impartial judge, but it appears that other and important testimony bearing on the subject has been discovered since the trial, and in the interest and for the preservation of that respect for the honor and integrity of the judiciary held by the people, a new trial should be granted that might remove every ground of suspicion, or set aside a judgment not obtained through a properly qualified judge.

For the errors indicated, the judgment is reversed, and the cause remanded.