DIXIE CARRIERS, INC., et al.,

v.

CHANNEL FUELING SERVICE, INC., William F. Fredeman, Sr., William F. Fredeman, Jr., Henry F. Fredeman, James Crawford, et al.

Civ. A. Nos. B–86–1191–CA, B–86–1223–CA, B–86–1360–CA, B–86–1390–CA, B–86–1755–CA and B–87–00084–CA.

United States District Court, E.D. Texas, Beaumont Division.

July 8, 1987.

Michael K. Clann, Clann, Bell & Murphy, Herbert T. Schwartz, Wood Lucksinger & Epstein, Houston, Tex., F.L. Benckenstein, Ned Johnson, Benckenstein, Oxford, Radford & Johnson, Louis H. Beard, Wells, Peyton, Beard, Hunt & Crawford, Beaumont, Tex., for plaintiffs.

Ronald S. Liebman, Patton, Boggs & Blow, Washington, D.C., Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, Tex., David H. Berg, Houston, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Dixie Carriers, Inc., Dow Chemical Company, and nine other plaintiffs have brought suit in this consolidated action against Channel Fueling Service, Inc., Port Arthur Towing Company, William F. Fredeman, Jr., Henry F. Fredeman, James Crawford, and others, for damages growing out of an alleged continuing plan and scheme to defraud the plaintiffs of millions of dollars of diesel oil, and other petroleum products for a period in excess of ten (10) years.

Channel Fueling Service, Inc. and Port Arthur Towing Company developed a very successful business of refueling towboats and tugs in midstream, using the Intercoastal waterways in Texas and Louisiana while the vessels were underway, so that they would not be required to take on fuel at a stationary position while in transit.

All of the corporations were controlled by the defendants, the Fredemans, Crawford, and their predecessors. Among the counts alleged by the plaintiffs are counts in violation of the civil RICO statute, 18 U.S.C. § 1961 et seq., the antitrust statute, 15 U.S.C. §§ 1 AND 15 (§ 4 of the Clayton Act), the Texas Deceptive Trade Practices and Consumer Protection Act (TEX.BUS. & COMM.CODE, §§ 17.41 *et seq.*, and common law fraud. The plaintiffs also sought a temporary restraining order and a temporary injunction to prevent the defendants from removing or disposing of certain assets in any manner, except insofar as to continue the operation of the business.

All of the defendants in this cause were the defendants in a criminal action which was the subject of a four-months trial in the Eastern District of Texas before another judge. The jury found a number of the defendants guilty of some charges, could not agree upon a verdict as to the Fredemans, and could not agree upon a verdict as to the corporate defendants. The criminal indictment against the defendants upon which the jury could not return a verdict is still pending before the same judge who tried the criminal case.

The plaintiffs contend that unless the defendants are enjoined pending the outcome of this suit, the Fredemans and other defendants will remove from the jurisdiction of the court substantial assets which would in effect render a judgment against the defendants useless, and in effect, an empty sack.

This court granted the temporary restraining order without notice, and set for hearing the temporary injunction, and heard the testimony of four witnesses produced by the plaintiffs, all of whom testified that, pursuant to the orders of the Fredemans, and the corporations which they controlled, and their various employees and agents, the witness-employees were directed to cooperate in a plan to under-deliver and overcharge for such diesel oil which was delivered to the plaintiffs in the midstream operations. The stated goal was to underdeliver at least 15 percent of the deisel charged and collected for. At least one witness, Palmer, stated that he had no doubt that unless enjoined, the Fredemans and Crawfords would remove and dispose of all of the assets of the corporate defendants and the personal assets of the individual defendants, leaving little or nothing available to satisfy a judgment for the plaintiffs, in the event one was obtained against the defendants after a trial on the merits. The defendants produced no testimony.

Prior to the hearing, and without waiving the same, the defendants William Fredeman, Jr., and James Crawford, filed a motion to recuse this judge pursuant to Title 28, § 455(b)(2). As an attachment to that motion, the defendants introduced the pleadings in Cause No. D–116,049, in the District Court of Jefferson County, Texas, in the case styled *Union City Barge Lines and Fuel Company, et al, v. Channel Marine Fuel Company, et al.* This suit was filed in state district court as a suit to

perpetuate testimony, wherein Union City, a competitor of Channel Marine Fuel Company (Channel), sought to perpetuate the testimony of Wilson Comeaux, an employee of E.W. Sayboldt Company, (apparently a company engaged in measuring and gauging of the contents of barges and other vessels), Doug Williams, an employee of Channel, Carl Nutter, an employee of Union Carbide, Floyd Fletcher, Port Captain of Union City, and Henry Fredeman II, an officer of Channel Fueling, and others. The purpose of the suit to perpetuate testimony was to determine whether or not erroneous information had been released concerning the gauging of the cargo of two Union Carbide barges, to develop testimony of libel and slander allegedly made concerning various Union City personnel, and the loss of fuel from Union Carbide on a particular voyage of its barges in September 1982.

The defendants Channel Fueling, Doug Williams and Henry Fredeman II filed an answer in the original suit to perpetuate testimony, denying that they committed any wrong in any manner, and denying that they harmed Union City Barge Lines in any way. The defendants had no objection to giving testimony. At the time that answer was filed, the Honorable Gilbert I. Low was counsel of record for Doug Williams, Henry Fredeman II, and Channel Fueling. This judge was a partner in the same firm with Mr. Low, although this judge had no knowledge whatever of the existence of the suit, much less the background thereof.

David Berg, Esq., now counsel for William Fredeman and James Crawford, has moved this judge to recuse himself because of his prior association with Mr. Low. As curious as this action may seem, since Mr. Low's client, i.e., Fredeman and Channel Fueling, would not seem to be the likely ones to file a motion for recusal, but rather the plaintiffs who were adverse to Channel Fueling and the Fredemans; nevertheless, such is the case.

This court recognizes the provisions of 28 U.S.C. § 455(b)(2), which requires recusal if the suit in state court to perpetuate testimony involves the same matter in controversy which is now pending before this judge. It is not the same cause or matter in controversy, and does not remotely, in this court's opinion, require recusal. Since it was not the same action or matter in controversy, as in the case of *In re Rodgers*, 537 F.2d 1196 (4th Cir.1976), *Rodgers* is not applicable. The fact that the two suits might have some facts in common is not controlling. *See, United States v. State of Alabama*, 582 F.Supp. 1197 (N.D. Ala.1984). *See also, Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157 (5th Cir.1982). However, though not disqualified, and not being required to note my recusal, nevertheless this court, to avoid not only impropriety, but the appearance of impropriety, will grant the motion of recusal, and enter an order so noting its recusal. The case will thus be referred to the Chief Judge of the Eastern District of Texas, who will make the decision as to which judge in this district will be assigned to take jurisdiction of this case.

The parties have agreed that the terms of the temporary restraining order would be extended and be fully applicable during the time it was necessary for the record of the hearing to be prepared, and have assured the court that they will continue to abide by the terms of the temporary restraining order until the Chief Judge proceeds further in this matter. With the entire record of the hearing on preliminary injunction having been prepared and filed, and all the briefs by the parties having been received, the record will be transmitted to the Chief Judge of the Eastern District of Texas forthwith for reassignment of the case.