**Reversed and Remanded and Memorandum Opinion filed August 23, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00783-CV

---

## DEBRA GILDER, INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JOHNNY ALLEN GILDER, SR., Appellant

### V.

## CECIL BOYKIN, HENRY CHAVEZ, CHRISTINA CHAVEZ, ANDRES ALVARADO, AND DIANA FRANCISCO, Appellees

---

**On Appeal from the 506th Judicial District Court
Waller County, Texas
Trial Court Cause No. 18-10-25206**

---

### MEMORANDUM OPINION

This is an appeal of a no-evidence summary judgment in favor of appellees. On appeal, appellant argues that the trial court erred in (1) granting appellees' no-evidence summary judgment motion and (2) failing to recuse or disqualify himself. We reverse and remand for further proceedings.

# I. NO-EVIDENCE SUMMARY JUDGMENT MOTION

In her third issue, appellant argues that the trial court erred in considering the "conclusory" no-evidence summary judgment motion. In her fourth issue, appellant argues that the trial court erred in granting the no-evidence summary judgment motion because the evidence submitted to the trial court showed genuine issues of material fact on each element of her claim to quiet title.

## A. General Legal Principles

We review a grant of summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). The movant in a no-evidence summary judgment motion contends that no evidence supports one or more essential elements of a claim for which the nonmovant would bear the burden of proof at trial. *Id.* Unless the nonmovant raises a genuine issue of material fact on each challenged element the trial court must grant the motion. *Id.* The purpose of identifying the challenged elements is to provide the nonmovant with adequate information to oppose the motion. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).

"[I]f a motion brought solely [as a no-evidence summary judgment] attaches evidence, that evidence should not be considered unless it creates a fact question, but such motion should not be disregarded or treated as a motion under subsection (a) or (b) [of Rule 166a of the Texas Rules of Civil Procedure]." *Binur v. Jacob*, 135 S.W.3d 646, 651 (Tex. 2004). Generally, pleadings do not qualify as summary-judgment evidence, even if sworn or verified. *Regency Field Servs v. Swift Energy Oper., LLC*, 622 S.W.3d 807, 817 (Tex. 2021); *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660–61 (Tex. 1995). A party is not permitted to rely on factual assertions contained in its own petition as summary

judgment proof. *Regency Field Servs.*, 622 S.W.3d at 819; *Hidalgo v. Surety S&L Ass'n*, 462 S.W.3d 540, 545 (Tex. 1971).

**B.    Factual Background**

In October 2018, appellant Debra Gilder, Independent Administrator of the Estate of Johnny Allen Gilder, Sr., filed a lawsuit to quiet title to real property alleged to be partially owned by her husband, Johnny Allen Gilder, Sr. (Decedent), at the time of his death.  In the petition, appellant alleged that Decedent and his brother Clarence Gilder (Brother) were co-owners of two lots.  Decedent and Brother's interest in the two lots is evidenced by a deed dated October 2004 from a grantor to both Decedent and Brother (First Deed).  In her petition, appellant alleged that a party alleging to be the heir of Brother purported to transfer Brother's interest in the two lots in fee simple to appellee Cecil Boykin in a deed dated December 2013 (Boykin Deed).  Appellant further alleged that Brother was not deceased, so his purported heir could not have transferred Brother's interest in the deed to Boykin.  Appellant alleged that the deed from Brother's alleged heir to Boykin purported to transfer the lots in fee simple to Boykin, despite not having mentioned Decedent's interest in the real property.  Boykin then transferred one lot to appellees Andres Alvarado and Diana Francisco by Special Warranty Deed dated December 2017 (Alvarado Deed) and transferred another lot to appellees Henry Chavez and Christina Chavez by Special Warranty Deed dated January 2018 (Chavez Deed).  All of the above-mentioned deeds were attached to appellant's petition.

Appellant filed suit to quiet title against appellees alleging that their claims to the two lots were clouding Decedent's interest in the two lots.  Appellees moved for no-evidence summary judgment alleging that appellant had no evidence of any of the three elements to a quiet title claim.  Appellees attached the petition and

3

exhibits (the deeds referenced above and the trial court's docket history) to their no-evidence motion. Appellant did not file a response to the no-evidence motion.[1] The trial court granted the motion and rendered a take-nothing judgment against appellant.

## C. Analysis

Appellant first argues that appellees' motion is conclusory and fails to set out specifically what elements were unsupported by evidence. We reject appellant's contention that appellees did not "set out any particular element of the claims" on which appellant had no evidence. The motion sets out specifically three elements of appellant's claims that appellees alleged were unsupported by any evidence. In the No-Evidence Summary Judgment Motion, appellees argued that appellant had no evidence of: (1) "any interest in a specific property;" (2) "[t]itle to the property is affected by a claim by a defendant; and" (3) "[t]he [appellees'] claim, though facially valid, is invalid and unenforceable." This is sufficient under the Texas Rules of Civil Procedure. *See Timpte Indus.*, 286 S.W.3d at 311 (motion stating in the "Conclusion" section the elements upon which there was no evidence was sufficient to provide nonmovant notice of the elements being challenged). We overrule appellant's third issue.

Appellant next argues that appellees' no-evidence motion fails because the evidence attached to the motion raises a genuine issue of material fact on all three elements challenged by appellees in the no-evidence motion. Appellees attached the original petition and exhibits, namely four deeds conveying the two lots, to the no-evidence motion. The First Deed shows appellant's interest in the real property

---

[1] In her second issue appellant argues that she did not receive proper notice of the no-evidence summary judgment submission. Because we conclude that the no-evidence summary judgment was improperly granted, we need not reach this issue.

4

and there is no subsequent deed or testimony to show that appellant had ever relinquished this interest. Looking at the evidence in the light most favorable to the nonmovant, the deed is sufficient to raise a genuine issue of material fact as to element one—appellant's interest in a specific property. *See MCG Drilling Invests., LLC v. Double M Ranch, Ltd.*, No. 11-14-00299-CV, 2018 WL 2022590, at *7 (Tex. App.—Eastland Apr. 30, 2018, no pet.).

The Boykin Deed shows that an alleged heir of Brother transferred the two lots to appellee Boykin in fee simple. The Boykin Deed does not purport to transfer Decedent's interest in the real property and makes no mention of said interest. The Boykin Deed further fails to connect the grantor with the title to the real property. *See Rilling v. Munoz*, 344 S.W.2d 696, 697 (Tex. App.—San Antonio 1961, writ ref'd n.r.e.) (concluding plaintiff's claim to title was not evidenced through deed from a purported widow of prior owner to plaintiff because there was "no proof in this record as to when the [prior owner of real property] died, or that he is in fact dead, or whether he died testate or intestate, or whether administration was granted or was necessary, nor are there any other facts in the record which would connect said grantors [purported widow] with the title to said lot."). Looking at the evidence in the light most favorable to the nonmovant, the deed is sufficient to raise a genuine issue of material fact as to elements two and three—title to the two lots is affected by a claim of an appellee and that the appellee's claim, though facially valid, is invalid and unenforceable. *See Rife v. Kerr*, 513 S.W.3d 601, 614 (Tex. App.—San Antonio 2016, pet. denied) (concluding fact issue remained where only one of the cotenants in the disputed property transferred his half interest to another); *see also Rilling*, 344 S.W.2d at 697.

Further, the Chavez and Alvarado Deeds purport to transfer interest in the real property from appellee Boykin to the other appellees. The Chavez and Alvarado Deeds were recorded in the real property records in Waller County, Texas, and thus, appellees' claims to the real property are "facially" valid. However, when reviewing all the deeds together, it becomes apparent that a grantor, Decedent, is missing. Even assuming that the Boykin Deed is a valid transfer of Brother's interest, there is no deed showing any transfer of Decedent's interest in the two lots. Reviewing the chain of title from the First Deed to the Chavez and Alvarado Deeds demonstrates a break in the chain of title and undermines appellees' claims to the two lots. Looking at the evidence in the light most favorable to the nonmovant, this is sufficient to raise a genuine issue of material fact as to elements two and three—title to the two lots is affected by a claim of an appellee and that the appellees' claim, though facially valid, is invalid and unenforceable.

Appellees argue that "appellees collectively are *bona fide* purchasers" and that this court cannot "simply overrule the trial court's judgment without something concrete in the record that evidences fraud or something toward and tawdry on the part of Appellees." Appellees then argue regarding their status as "bona fide purchasers." However, appellees' status as alleged bona fide purchasers is an affirmative defense on which appellees have the burden of proof. *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001) ("Status as a bona fide purchaser is an affirmative defense to a title dispute."). Appellees cannot file a no-evidence summary judgment motion on a defense on which they have the burden of proof. *Waite v. Woodard, Hall & Primm, P.C.*, 137 S.W.3d 277, 280 (Tex. App.— Houston [1st Dist.] 2004, no pet.). Additionally, appellant's suit to quiet title does not require appellant to prove fraud or any "toward or tawdry" conduct on the part

of appellees.  Appellees have failed to cite to any case law that requires such a showing, and we have been unable to find any.[2]

We sustain appellant's fourth issue.

## II.    RECUSAL AND DISQUALIFICATION

Appellant argues that the trial court judge should have "disqualified himself when a member of his staff was an apparent witness in the proceeding."  Appellant argues that because the trial court's coordinator[3] was "an apparent witness" in the proceeding that the trial court judge should have disqualified himself.  Appellant asserts "[t]o Appellant, . . . as a reasonable person on the street, there would necessarily be a question concerning the impartiality of the Judge concerning the validity of the deeds presented by [appellees] in this matter since the Grantor's oath was taken by the Judge's coordinator."

## A.    General Legal Principles

"Judges may be removed from a particular case either because they are constitutionally disqualified, Tex. Const. art. V, §11, . . . or because they are recused under rules promulgated by this Court.  Tex. R. Civ. P. 18a, 18b; Tex. R. App. P. 16." *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998).  The procedure and grounds for each type of removal are fundamentally different.  *Id.* "[A]ny orders or judgments rendered by a judge who is constitutionally disqualified are void and without effect." *Id.*

---

[2] Appellees further did not move for summary judgment on this ground, and as a result, it cannot be a basis for upholding the trial court's judgment.  *See* Tex. R. Civ. P. 166a(c); *see also G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) ("Summary judgments, however, may only be granted upon grounds expressly asserted in the summary judgment motion.").

[3] The coordinator allegedly notarized the Chavez and Alvarado Deeds.

Conversely, the "erroneous denial of a recusal motion does not void or nullify the presiding judge's subsequent acts." *Id*. A judgment in such circumstances may be reversed but is not "fundamental error" and can be waived if not properly raised by motion. *Id*. If the trial court abused its discretion in denying the motion for recusal and the trial court judge should have been recused, the remedy is to reverse the judgment and remand for a new trial before a new judge. *Id*. To preserve an issue of recusal for appeal, a party must file a motion pursuant to the requirements of Rule 18a of the Texas Rules of Civil Procedure. *See* Tex. R. App. P. 33.1(a); *Johnson v. Sepulveda*, 178 S.W.3d 117, 118 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

## B.    Recusal

There is no recusal motion in the appellate record and appellant fails to cite to any to demonstrate that this argument is preserved on appeal. Because there is no indication that appellant raised the issue of recusal to the trial court prior to appeal, this issue is not preserved. *See* Tex. R. App. P. 33.1(a); *Johnson*, 178 S.W.3d at 118 (failure to strictly follow recusal procedures in Rule 18a resulted in waiver of issue on appeal); *Galvan v. Downey*, 933 S.W.2d 316, 321 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (ruling that the error was not preserved when there was no record of a motion to recuse).

## C.    Constitutional Disqualification

Constitutional disqualification may be raised for the first time on appeal. *McElwee v. McElwee*, 911 S.W.2d 182, 186 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *see also Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982). There are three independent grounds for disqualification: (1) that the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer

8

concerning the matter; (2) the judge has a financial interest in the case; or (3) either party is related to the judge within the third degree by affinity or consanguinity. TEX. CONST. art. V, § 11; Tex. R. Civ. P. 18b(a).

Here, appellant argues that the appearance of impartiality should result in constitutional disqualification of the trial court judge. Appellant's allegations regarding recusal and disqualification are regarding a notary named Sheila Mundy. Mundy notarized both the Chavez and Alvarado Deeds. Allegedly the same Sheila Mundy is also the trial court's coordinator.[4] There is no indication in the record that Mundy is an attorney or that Mundy is related to the trial court judge. Appellant only alleges that Mundy may be a fact witness in the case.

The appearance of partiality is not a basis for disqualification of a judge in Texas. *In re Wilhite*, 298 S.W.3d 754, 758 ((Tex. App.—Houston [1st Dist.] 2009, no pet.); *see also* Tex. R. Civ. P. 18b(a). Instead, and unlike its federal counterpart, the appearance of partiality is a basis for recusal. *See In re Wilhite*, 298 S.W.3d at 758 ("This part of the federal rule for disqualification matches the Texas rule for recusal that states that a 'judge shall recuse himself in any proceeding in which: (a) his impartiality might reasonably be questioned.'"(emphasis omitted) (citing Tex. R. Civ. P. 18b(2)). The only grounds for constitutional disqualification are the three recited above. *See id*. There is no evidence in the record that the trial court judge meets any of the three grounds for disqualification.

We overrule appellant's first issue.

---

[4] We note that aside from having the same name and appellant's allegations, there is no evidence in the record that the notary and the coordinator are the same person.

### III. CONCLUSION

We conclude the trial court erred in granting the no-evidence motion for summary judgment. We further conclude that the trial court judge was not constitutionally disqualified and appellant failed to preserve her issue regarding recusal of the trial court judge. We reverse the judgment of the trial court and remand the case to the trial court for further proceedings.[5]

/s/      Ken Wise
         Justice

Panel consists of Justices Wise, Spain, and Hassan.

---

[5] We need not address appellant's remaining issue because addressing it would not afford appellant greater relief or change the disposition on appeal. *See* Tex. R. App. P. 47.1.