**In re UNION PACIFIC RESOURCES COMPANY, Relator.**

No. 97–0483.

Supreme Court of Texas.

Argued Dec. 4, 1997.

Decided March 26, 1998.

Rehearing Overruled July 3, 1998.

Carlos Villarreal, Tom Hermansen, Corpus Christi, for Relator.

William R. Edwards, III, John Blaise Gsanger, William R. Edwards, Corpus Christi, Fred Davis, Bryan, for Respondent.

PHILLIPS, Chief Justice, delivered the opinion of the Court, in which HECHT, ENOCH, SPECTOR, OWEN, BAKER, ABBOTT and HANKINSON, Justices, join.

In this case, the court of appeals conditionally issued a writ of mandamus compelling the trial court to vacate its order denying a recusal motion. *Monroe v. Blackmon,* 946 S.W.2d 533 (Tex.App.—Corpus Chrisit 1997) Because the complaining party has an adequate remedy by appeal, mandamus was improper. We therefore conditionally grant the petition for writ of mandamus. We express no opinion regarding whether the trial court abused its discretion in denying the recusal motion.

Jeffrey Lee Monroe and Gena Jo Monroe sued Union Pacific Resources Company and other defendants for personal injury damages. The Monroes moved to recuse the trial judge, the Honorable Max Bennett. The Monroes alleged, as grounds for recusal, that Carlos Villareal, a partner in the law firm representing Union Pacific in the underlying lawsuit, was currently representing Judge Bennett, in his official capacity, in an unrelated lawsuit. The Monroes alleged that Judge Bennett's impartiality might reasonably be questioned because of the attorney-client relationship with Mr. Villareal. Judge Bennett declined to recuse himself. Pursuant to Texas Rule of Civil Procedure 18a(d) Judge Bennett forwarded the motion to re-

cuse to the presiding judge for the administrative judicial district. The presiding judge appointed the Honorable Robert Blackmon, Nueces County district judge, to hear the recusal motion. After a hearing at which Judge Bennett appeared and testified, Judge Blackmon granted the motion ordering Judge Bennett's recusal. Judge Bennett then wrote to Judge Blackmon requesting a rehearing on the recusal matter. In response to Judge Bennett's request, Judge Blackmon held another hearing and reversed his ruling. In response to this second ruling, the Monroes petitioned the court of appeals for writ of mandamus to direct Judge Blackmon to vacate his order and grant the motion for recusal. The court of appeals sitting en banc divided evenly on the petition, and the Chief Justice of this Court assigned the Honorable Alfonso Chapa, Retired Chief Justice of the Fourth Court of Appeals, to the case. *See* TEX. GOV'T CODE § 74.003(b); TEX.R.APP. P. 41.2(b). With Justice Chapa sitting, the court of appeals conditionally granted the Monroes' petition for writ of mandamus. Union Pacific then sought mandamus relief from this Court.

▅▅▅ Judges may be removed from a particular case either because they are constitutionally disqualified, TEX. CONST. art. V, § 11, because they are subject to a statutory strike, TEX. GOV'T CODE § 74.053(d), or because they are recused under rules promulgated by this Court. TEX.R. CIV. P. 18a, 18b; TEX.R.APP. P. 16. The grounds and procedures for each type of removal are fundamentally different. *See generally* Kilgarlin & Bruch, *Disqualification and Recusal of Judges,* 17 ST. MARY'S L.J. 599 (1986). When a judge continues to sit in violation of a constitutional proscription, mandamus is available to compel the judge's mandatory disqualification without a showing that the relator lacks an adequate remedy by appeal. *Cf. Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997) (addressing the mandatory disqualification of assigned judges under TEX. GOV'T CODE § 74.053(d)). This makes sense, because any orders or judgments rendered by a judge who is constitutionally disqualified are void and without effect. *See, e.g., Buckholts Indep. Sch. Dist. v. Glaser,* 632 S.W.2d 146, 148 (Tex.1982); *Fry*

*v. Tucker,* 146 Tex. 18, 202 S.W.2d 218, 221 (1947). Likewise, on timely objection, the disqualification of an assigned judge who is not a retired judge is mandatory under section 74.053(d) of the Texas Government Code and any orders entered by a trial judge in a case in which he is disqualified are void. *See Mitchell Energy Corp.,* 943 S.W.2d at 440–441; *Fry,* 202 S.W.2d at 221. Therefore, the objecting party is also entitled to mandamus relief without a showing that there is no adequate remedy by appeal. *See Dunn v. Street,* 938 S.W.2d 33, 34–35 (Tex.1997); *Flores v. Banner,* 932 S.W.2d 500, 501 (Tex. 1996).

▅▅▅ In contrast, the erroneous denial of a recusal motion does not void or nullify the presiding judge's subsequent acts. While a judgment rendered in such circumstances may be reversed on appeal, it is not fundamental error and can be waived if not raised by proper motion. *See Buckholts Indep. Sch. Dist.,* 632 S.W.2d at 148; *Gulf Maritime Warehouse Co. v. Towers,* 858 S.W.2d 556, 559 (Tex.App.—Beaumont 1993, writ denied); *Aguilar v. Anderson,* 855 S.W.2d 799, 809–810 (Tex.App.—El Paso 1993, writ denied); *AmSav Group, Inc. v. Amer. Sav. & Loan Ass'n,* 796 S.W.2d 482, 485 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Recognizing this distinction, our Rules of Civil Procedure expressly provide for appellate review from a final judgment after denial of a recusal motion. *See* TEX.R. CIV. P. 18a(f); *Thomas v. Walker,* 860 S.W.2d 579, 581 (Tex. App.—Waco 1993, orig. proceeding). If the appellate court determines that the judge presiding over the recusal hearing abused his or her discretion in denying the motion and the trial judge should have been recused, the appellate court can reverse the trial court's judgment and remand for a new trial before a different judge. This procedure is no different than the correction of any trial court error through the normal appellate process. As we have observed, "an appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ.... [T]he 'delay in getting questions decided through the appellate process ... will not justify intervention by appellate courts through the extraordi-

nary writ of mandamus.'" *Walker v. Packer,* 827 S.W.2d 833, 842 (Tex.1992) (quoting *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648, 652 (1958)).

The court of appeals abused its discretion by issuing writ of mandamus when the complaining party has an adequate remedy by appeal. *See* TEX.R. CIV. P. 18a(f); *see also Thomas v. Walker,* 860 S.W.2d at 581. We therefore conditionally grant the petition for writ of mandamus and direct the court of appeals to withdraw its order conditionally granting writ of mandamus against the trial court. TEX. GOV'T CODE § 22.002(a).

HECHT, Justice, filed a concurring opinion.

GONZALEZ, Justice, did not participate in the decision.

HECHT, Justice, concurring.

I concur fully in the Court's opinion and write separately to add two brief observations.

*First:* The rule that appeal affords an adequate remedy for an erroneous denial of a motion to recuse cannot be without exceptions. In other contexts we have noted that mandamus may be appropriate when a judge has flagrantly refused to follow procedural rules, *see Deloitte & Touche v. Fourteenth Court of Appeals,* 951 S.W.2d 394, 398 (Tex. 1997), or when the ruling is almost certain to require a reversal of the final judgment on appeal, *see Walker v. Packer,* 827 S.W.2d 833, 841, 843 (Tex. 1992). I do not read the Court's opinion to preclude mandamus relief in such extraordinary cases.

*Second:* Plaintiff's motion for recusal in this case asserted that Judge Bennett's impartiality might reasonably be questioned because he was being represented by defendant's counsel in a mandamus proceeding. In many circumstances, obviously, a lawyer's representation of a judge can raise reasonable doubts about the judge's ability to be impartial in a case involving the lawyer. *See* ABA Comm. on Ethics and Professional Responsibility, Informal Op. 1477 (1981). But the relationship between judge and lawyer is of less concern, it seems to me, when it involves no more than the lawyer's represen-

tation of the judge as a respondent in a mandamus proceeding. Because the nature of the relationship is important, it may be necessary for the judge to testify concerning the facts, as Judge Bennett did. But the need for a judge to testify concerning facts pertaining to a recusal motion does not justify the judge's offering testimony on the more general matter of the existence of any perceived impartiality. Judges should not inject themselves too far into recusal hearings. Not that Judge Bennett did, I should add; but other judges might. While no judge likes to think of being perceived as partial, a hearing on a motion to recuse is simply not a trial of the judge's character and should not be treated as such. The less a judge is involved in recusal proceedings, voluntarily or involuntarily, the better.