In re Keith M. Jensen















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-086-CV

IN RE KEITH M. JENSEN

 
                                        

Original Proceeding 
                                                                                                                

OPINION DENYING REHEARING
                                                                                                                
 
      In a motion for rehearing, Jensen asks us to invalidate those temporary orders that we did not
address in the interlocutory appeal, Cause No. 10-98-093-CV. We decline to do so.
      Unlike an appeal where we can revise or modify orders of a lower court to reflect the
“judgment that the court should have entered,” a mandamus proceeding allows us only to direct
the judge to comply with our orders. See Tex. R. App. P. 43(c), 52. Thus, Jensen is in the
position of asking us to order Judge Altaras to act in a case in which Jensen claims the judge has
no authority to act and in which Judge Altaras has already recused himself.
      Jensen is free to ask the currently assigned judge to vacate the remaining temporary orders. 
We cannot order that judge to do so because he is not before us. See Jampole v. Touchy, 673
S.W.2d 569, 572 (Tex. 1984)(orig. proceeding); Pelt v. Johnson, 818 S.W.2d 212, 215 (Tex.
App.—Waco 1991, orig. proceeding).
      Furthermore, the Supreme Court continues to admonish us not to issue writs of mandamus
when an adequate remedy by appeal exists. In re Union Pacific Resources Co., 969 S.W.2d 427,
429 (Tex. 1998). We have no reason to believe that the Johnson County proceeding will continue
to final judgment. Should it, however, Judge Altaras’ initial decision not to recuse himself may
be subject to review on final appeal. 
      Finally, orders issued in violation of the recusal rules (as opposed to those issued by a
constitutionally-disqualified judge) are voidable, rather than void. See id. at 428.
      Jensen has not demonstrated a clear right to the relief he seeks in this mandamus proceeding. 
See Walker v. Packer, 827 S.W.2d 833 (Tex.1992) (orig. proceeding). The motion for rehearing
is denied.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Rehearing denied
Opinion delivered and filed November 12, 1998
Do not publish