COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





IN RE: JEFFREY LUTZ,

                              Relator.

§
 
§
 
§
 
§
 
§
 
 § 

 
No. 08-05-00162-CV

AN ORIGINAL PROCEEDING 

IN MANDAMUS





 

 

 




OPINION ON PETITION FOR WRIT OF MANDAMUS
           This is an original proceeding in mandamus. Jeffrey Lutz, Relator, seeks a writ of
mandamus requiring the trial court to recuse itself from presiding over the case in question. 
For the reasons stated below, we deny relief.
STANDARD OF REVIEW
           Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992)(orig. proceeding). Moreover, there must be no other adequate
remedy at law. Id.
1. Clear abuse of discretion
           An appellate court rarely interferes with a trial court’s exercise of discretion. A clear
abuse of discretion warranting correction by mandamus occurs when a court issues a decision
which is without basis or guiding principles of law. See Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding). With respect to resolution of factual
issues or matters committed to the trial court’s discretion, the reviewing court may not
substitute its judgment for that of the trial court. Walker, 827 S.W.2d at 839-40. The relator
must therefore establish that the trial court could reasonably have reached only one decision. 
Id. at 840. Even if the reviewing court would have decided the issue differently, it cannot
disturb the trial court’s decision unless it is shown to be arbitrary and unreasonable. Id. With
respect to a trial court’s determination of the legal principles controlling its ruling, the
standard is much less deferential. A trial court has no “discretion” in determining what the
law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or
apply the law correctly will constitute an abuse of discretion, and may result in appellate
reversal by extraordinary writ. Id.
2. No adequate remedy by appeal
           An appellate court will deny mandamus relief if another remedy, usually appeal, is
available and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex.
1986)(orig. proceeding). Mandamus will not issue where there is “a clear and adequate
remedy at law, such as a normal appeal.” Walker, 827 S.W.2d at 840, quoting State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984). Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances. The writ will issue “only in situations
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies.” Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex.
1989)(quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of
Civil Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed. 1979]).
APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT
           Relator is attempting to challenge the denial of his motion to recuse the trial court
judge. Texas Rules of Civil Procedure provide that if the motion is denied, the denial may
be reviewed on appeal from the final judgment. Tex. R. Civ. P. 18a(f); In re Union Pacific
Resources Co., 969 S.W.2d 427, 428 (Tex. 1998). Review of the denial of a motion to recuse
via the normal appellate process is an adequate remedy, and thus intervention in trial court
proceedings by appellate courts through the extraordinary remedy of writ of mandamus is not
justified. Id. at 428-29. If the motion to recuse is granted, the order of recusal is not
reviewable. Tex. R. Civ. P. 18a(f); District Judges of Collin County v. Commissioners Court
of Collin County, 677 S.W.2d 743, 745 (Tex.App.--Dallas 1984, writ ref’d n.r.e.). The
record before us complains only of the denial of the motion for recusal. Accordingly, we
deny the relief requested in the petition for mandamus.
 
                                                                  RICHARD BARAJAS, Chief Justice
May 5, 2005

Before Barajas, C.J., McClure, and Chew, JJ.