NUMBER 13-05-172-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ROGER GERDES, JR. AND CAROLYN GERDES,                   Appellants,

v.

JOHN KENNAMER AND MORA KENNAMER,                        Appellees.
___________________________________________________________________

On appeal from the 23rd District Court 
of Matagorda County, Texas
___________________________________________________________________

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion Per Curiam

         Pro se appellants, Roger Gerdes, Jr. and Carolyn Gerdes, appeal from an order
denying their motion for disqualification of the Honorable Ben Hardin, judge of the 23rd
Judicial District Court of Matagorda County, Texas. Judge Hardin referred appellants’
motion to the presiding judge of the Second Administrative Judicial Region, the
Honorable Olen Underwood. See Tex. R. Civ. P. 18a(d). On March 8, 2005, Judge
Underwood denied appellants’ motion in an “Order on Motion to Recuse After
Hearing.” We note that appellants’ pro se motion is titled as a “motion for
disqualification” and expressly requests that Judge Hardin be disqualified. We assume,
without deciding, that appellants’ motion could arguably be construed as raising
allegations that would be grounds for either disqualification or recusal. 
         In most cases, an appeal is an adequate remedy to challenge an erroneous ruling
on a motion to recuse. In re Union Pac. Res. Co., 969 S.W.2d 427, 428-29 (Tex.
1998). Rule 18a(f) of the rules of civil procedure specifically provides that if a motion
to recuse is denied following a hearing, it is reviewable on appeal from the final
judgment. See Tex. R. Civ. P. 18a(f). In contrast, mandamus is appropriate when a
trial judge refuses to sustain a proper motion to disqualify a trial judge. See id. at
428.
         In the instant case, the order denying recusal is interlocutory and is neither a
final judgment nor an appealable order. With exceptions not relevant here, an appeal
may only be prosecuted from a final judgment. North East Indep. Sch. Dist. v.
Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). A final judgment is one that disposes
of all issues and parties in the case. Id.
         On March 24, 2005, the Clerk of this Court notified appellants that, upon
review of the documents on file in this cause, the Court was unable to ascertain
whether or not there was an appealable order. In the instant case, the notice of appeal
neither indicated that a final order was entered, nor did it state the trial court’s ruling. 
Notice of this defect was given so that steps could be taken to correct the defect, if
it could be done. The Clerk notified the appellants that if the defect was not corrected
within ten days from the date of receipt of the notice, the appeal would be dismissed. 
See Tex. R. App. P. 42.3. Appellants responded that they were requesting the clerk’s
record for the appeal. No such records have subsequently been filed in this cause;
however, the Court notes that the clerk’s records and supplemental clerk’s record filed
in a related appeal, Gerdes v. Kennamer, Cause No. 13-05-198-CV, contain appellants’
motion for disqualification or recusal, Judge Underwood’s March 8, 2005, order
denying recusal, and the notice of appeal filed in this cause.
         We express no opinion herein on the merits of appellants’ motion to disqualify. 
Having no jurisdiction over this interlocutory appeal, we DISMISS the appeal for want
of jurisdiction.
                                                               PER CURIAM


Memorandum Opinion delivered and filed this
the 5th day of May, 2005.