NO. 07-05-0376-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 1, 2005

_____

IN RE KENDRICK J. FULTON, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

In this original proceeding, relator, Kendrick J. Fulton, seeks a writ of mandamus directing the Honorable John B. Board of the 181st District Court to "order" service of process on the real parties in interest and to recuse himself from further proceedings involving the underlying suit. We deny the petition.

Rule 99 of the Texas Rules of Civil Procedure governs the issuance and form of citation.[1] Pursuant to Rule 99, a party filing a petition is required to request that citation be served on the opposing party and to direct the clerk of the court where to serve the opposing party. Rule 99(a). Relator contends that the duty to order citation rests with the trial court judge. Rule 99 clearly indicates the error of appellant's position. The law

_____

[1] Further reference to the Texas Rules of Civil Procedure will be by reference to "Rule __."

imposes no duty on the trial judge to monitor citation or to order citation be issued *sua sponte*. A writ of mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). In as much as appellant has failed to show that the trial court abused its discretion by not issuing citation, relator's request is denied.

Relator also contends that the trial court should recuse itself from further proceedings. Recusal of a judge is governed by the provisions of Rule 18(a). This Rule requires the filing of a motion with the clerk of the Court stating the grounds upon which the judge should recuse himself. Id. The only document before this court is relator's petition. None of the documents filed in the trial court are appended as required by the Texas Rule of Appellate Procedure 52.3(j). Therefore, we are unable to determine if any motion for recusal has been filed by relator. Further, even if the motion has been filed with the trial court and denied, a direct appeal is an adequate remedy and, thus, mandamus relief is not proper. In Re Union Pac. Res. Co., 969 S.W.2d 427, 427 (Tex. 1998). Accordingly, this part of relator's request is denied.

Having reviewed and rejected both of relators requests, we deny relator's petition for writ of mandamus.

Mackey K. Hancock
Justice

2