IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0055
════════════
 
In re Edgar Geer McKee, 
M.D., Relator
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
This petition for writ of mandamus concerns the 
validity of an administrative action taken by a presiding judge of an 
administrative judicial region after he had voluntarily recused from the case. Dr. Edgar Geer McKee sued Kennedy 
& Minshew, P.C. for legal malpractice in state 
district court. Judge Ray Grisham voluntarily recused 
from the case. Judge John D. Ovard, Presiding Judge of the First Administrative 
Judicial Region, who would ordinarily appoint a judge to replace Judge Grisham, 
also voluntarily recused. See Tex. R. Civ. P. 18a(c). Judge Ovard requested 
that the Chief Justice of the Supreme Court of Texas assign a replacement for 
Judge Grisham. See Tex. Gov’t Code § 
74.049(3). The Chief Justice appointed Judge Quay F. 
Parker. When Dr. McKee objected to Judge Parker, the Chief Justice appointed 
Judge John Delaney.
            
Meanwhile, Judge Grisham retired, and Judge Laurine Blake was elected to replace him. Judge Blake did 
not recuse herself from this matter, and Judge Delaney 
therefore asked the Chief Justice to withdraw his assignment to the case. 
Kennedy & Minshew then moved to recuse Judge Blake, but Judge Blake declined to recuse herself and referred the matter to Presiding Judge 
Ovard to assign a judge to hear the motion. Judge Ovard assigned Judge Andrew 
Kupper to hear the recusal 
motion. See Tex. R. Civ. P. 
18a(d). Judge Kupper 
granted the motion to recuse Judge Blake. The next 
day, Dr. McKee wrote to Presiding Judge Ovard reminding him that he had once 
recused himself and was therefore unauthorized to 
assign Judge Kupper. Judge Ovard refused to vacate 
that assignment and asked the Chief Justice to assign a judge to replace Judge 
Blake pursuant to Judge Kupper’s ruling. Dr. McKee 
then filed this mandamus petition, arguing that Judge Ovard’s assignment of Judge Kupper 
was void, and as a result, Judge Kupper’s order recusing Judge Blake was invalid.
            
We now decide whether Dr. McKee is entitled to mandamus relief in this 
case. We have held that mandamus is not available for the denial of a motion to 
recuse. In re Union Pac. Res. Co., 969 S.W.2d 
427, 428–29 (Tex. 1998); but cf. Tex. R. Civ. P. 18a(f) (“If the [recusal] motion is 
denied, it may be reviewed for abuse of discretion on appeal from the final 
judgment.”). 
            
A judge can either voluntarily recuse himself 
or, upon the filing of a verified motion for recusal, 
request the assignment of another judge to hear the recusal motion. Tex. 
R. Civ. P. 18a(a),(c). However, absent 
extraordinary circumstances, a presiding judge’s order appointing a judge to 
hear a recusal motion is administrative—it simply 
transfers the power to decide the recusal motion to 
another judge. The question here is whether Judge Ovard could properly proceed 
with the assignment after his initial recusal. Texas 
Rule of Civil Procedure 18a(c) provides authority for such an assignment but 
only if Judge Ovard’s order states “good cause” for 
that action. 
            
We see no meaningful distinction between our holding in In re Union Pacific Resources Co. and the situation 
presented here. In the former case, the judge was alleged to have acted when he 
was required to recuse; in this case, the judge is 
alleged to have acted after he voluntarily recused. In 
either instance, the relator has an appellate remedy. 
Our mandamus standards have evolved since In re Union Pacific Resources 
Co. We now ask whether “any benefits to mandamus review are outweighed by 
the detriments.” In re Prudential Ins. Co. of Am., 148 
S.W.3d 124, 136 (Tex. 2004). Here, there is no 
significant benefit to mandamus relief.
            
The record does not present any reason—much less an extraordinary 
one—requiring Judge Ovard’s initial recusal; nor does it reflect a ground for precluding his 
administrative assignment to another judge. While we agree that Rule 18a(c) 
compels Judge Ovard, who recused initially, to state 
good cause for later assigning Judge Kupper, “good 
cause” will ordinarily be inherent in the administrative nature of that 
assignment.[1] We decline to issue mandamus because, 
unless there are extraordinary circumstances otherwise requiring Judge Ovard’s recusal, he need only 
revise his order to state that his assignment of Judge Kupper is a purely administrative act. 
            
Accordingly, we deny Dr. McKee’s petition for writ of mandamus.
OPINION 
DELIVERED: November 30, 2007
 







[1] 
See, e.g., Letter from the Chief Justice of the Supreme Court of Texas to 
Ronald Earle and Dick DeGuerin (Nov. 4, 2005), 
available at 
http://www.supreme.courts.state.tx.us/advisories/Recusal_response.pdf (noting 
that interest in the preservation of judicial resources and in ensuring the 
efficient administration of the judicial process permits a judicial officer to 
decline a recusal motion and perform purely 
administrative functions).