

# NUMBER 13-11-00548-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE PHARR PLANTATION MANAGEMENT CO., LTD., PHARR PLANTATION INC., AND HEBLEN KANAN

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam [1]

Relators, Pharr Plantation Management Co., Ltd., Pharr Plantation, Inc., and Heblen Kanan, filed a petition for writ of mandamus in the above cause on August 22, 2011, seeking to compel the trial court to set either a supersedeas bond or some type of alternative security so that relators could suspend enforcement of the trial court's March 29, 2011 judgment. The Court requested and received a response to the petition for writ of mandamus from the real parties in interest, Pharr Plantation Homeowners

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Association, Inc., De'Wayne De Ziel, Elaine De Ziel, Owen Bohnsack, Lee Albert, Maddy Mann, Fred Wiegand, Eva Maria Ellrich, George Rolando, Nathalie Watteau Vera, Rosie Reyna, Christine Cabrera, Paul Smith, Lila Reiser, George Johnston, Jim Woltz, Marjorie Nichols, Sandy Gonzalez, Peggy Boos, Norma Holiday, and David Coers.

In addition to this original proceeding, relators have also brought an appeal of the underlying trial and judgment which has been docketed in this Court as appellate cause number 13-11-00282-CV. In that cause, relators filed a "Motion to Stay Judgment and Motion to Expedite Ruling Thereon." Relators requested that we "stay the execution and enforcement of [the] trial court's judgment pending the resolution [of] this appeal because the purported Rule 11 Agreement upon which the trial court [based] its judgment does not comply with the requirements of law and is unenforceable." According to the motion, appellants had filed a motion with the trial court requesting that it suspend enforcement of the settlement agreement and judgment, but the trial court had not ruled on that motion.

On June 23, 2011, we granted relators' "Motion to Stay Judgment and Motion to Expedite Ruling Thereon." *See* TEX. R. APP. P. 24.4(c). We abated and remanded appellate cause number 13-11-00282-CV to the trial court for hearing and proceedings pursuant to Texas Rule of Appellate Procedure 24. *See generally id.* R. 24. We directed the trial court to cause notice of a hearing to be sent and hold a hearing on the issues presented pertinent to Rule 24. We directed that the trial court's ruling and any findings and conclusions should be filed with this Court in the form of a supplemental clerk's record, and directed relators to further file a reporter's record of the hearing on

remand. We ordered that the supplemental clerk's record, reporter's record, and appellants' motion pertaining to these issues to be filed within thirty days of that order, and the real parties' response thereto to be filed within fifteen days thereafter. We informed the parties that the appeal would be reinstated upon further order of the Court. As of the date of today's order, although the reporter's record has been filed, the supplemental clerk's record and appellants' motion has not.

Review of a trial court's decision on supersedeas is more properly presented as a motion in the pending related appeal. *See* TEX. R. APP. P. 24.4(a). We therefore conclude that relators have an adequate appellate remedy and are not entitled to mandamus relief. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428–29 (Tex. 1998) (orig. proceeding). Thus, the Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relators have not shown themselves entitled to the relief sought. The petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
12th day of January, 2012.

3