**AFFIRM; and Opinion Filed May 15, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01378-CV

## MICHAEL J. COYNE, Appellant

## V.

## ALLSTATE INSURANCE COMPANY AND CHRISCHERYL MCDANIEL, Appellees

**On Appeal from County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-09-06609-B**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice Murphy

Michael J. Coyne, appearing pro se, appeals from a final judgment rendered following the parties' announcement of settlement. In two issues, Coyne contends the trial judge should have recused himself and that no settlement exists. We affirm.

Coyne sued appellees Allstate Insurance Company and its adjuster, Chrischeryl McDaniel, based on Allstate's denial of insurance coverage for property damages that resulted from a fire at Coyne's home. Coyne was represented by counsel in the trial court.

The trial court record shows that on the third day of a jury trial, following the close of evidence, the parties announced a settlement. Counsel dictated the terms of the settlement into

the record, and Coyne stated his agreement with the terms. The trial court's final judgment recites these proceedings and events and concludes with an order that the parties take nothing on their claims and counterclaims.

Coyne filed a pro se appeal, and his original brief was rejected for numerous errors, including the failure to provide a statement of the case, the course of the proceedings, the trial court's disposition, and appropriate record references. He filed an amended brief, which remains unclear and contains no references to the record. We address what appear to be his two issues in this context.

Coyne first complains the trial judge "should have recused himself from hearing the case" because "his wife had been a senior attorney for defense council [sic]." The brief contains no record citation. Coyne's argument is that on the morning of the last day of trial, his attorney learned that the judge's wife had worked for defense counsel and the judge "in the past" had recused himself from hearing cases involving that firm. In addition to not citing the record, Coyne does not state at what point the employment may have occurred or that he or his counsel suggested recusal.

Grounds for a trial judge's recusal can be waived. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding). To preserve his complaint for appellate review, Coyne was required to present the trial court with a timely request, motion, or objection, state the specific grounds therefor, and obtain a ruling. *See* TEX. R. APP. P. 33.1(a). He has not provided any citation to the record showing information required for recusal or that he made a timely request, motion or objection. *See* TEX. R. APP. P. 38.1(i). Accordingly, we have no basis to consider Coyne's first issue. We overrule issue one.

Similarly, Coyne provides no record showing he did not consent to the settlement referenced in the final judgment. *Id.* Conversely, appellees provided the transcript of the proceedings in which the settlement was announced to the trial court and Coyne stated his understanding of the agreement recited. Thus, Coyne has failed to provide sufficient information to make his appellate complaint viable. We overrule his second issue.

Having overruled Coyne's two issues, we affirm the judgment of the trial court.

/Mary Murphy/
MARY MURPHY
JUSTICE

111378F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

MICHAEL J. COYNE, Appellant

No. 05-11-01378-CV    V.

ALLSTATE INSURANCE COMPANY
AND CHRISCHERYL MCDANIEL,
Appellees

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-09-06609-B.
Opinion delivered by Justice Murphy.
Justices Bridges and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.  It is **ORDERED** that appellees Allstate Insurance Company and Chrischeryl
McDaniel recover their costs of this appeal from appellant Michael J. Coyne.


Judgment entered this 15th day of May, 2013.


/Mary Murphy/
MARY MURPHY
JUSTICE