

# NUMBER 13-13-00533-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ROBERTO LUNA JR., HILDA GARCIA, AND REYNALDO LUNA

## On Petition for Writ of Mandamus

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Memorandum Opinion Per Curiam[1]

Relators, Roberto Luna Jr., Hilda Garcia, and Reynaldo Luna, filed a petition for writ of mandamus in the above cause on October 3, 2013, requesting that we direct the trial court to vacate its order of February 14, 2013 denying relators' plea to the jurisdiction and transferring the underlying proceeding to county court. The Court requested and received a response to the petition for writ of mandamus from the real

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

party in interest, Lucia Castro, as guardian of the person and estate of Esperanza Luna, an incapacitated person.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Alternatively, where an order is void, the relator does not need to show that it lacks an adequate appellate remedy and mandamus relief is appropriate. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Union Pac. Resources, Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding).

The relator has the burden of establishing the prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the applicable law, is of the opinion that relators

2

have not met their burden to obtain mandamus relief. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
24th day of October, 2013.