

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00339-CV

**IN RE** Abelardo G. **GONZALEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed:  May 30, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

In the underlying suit, relator filed a Motion to Recuse Judge Villarreal pursuant to Texas Rules of Civil Procedure 18a and 18b on or about April 3, 2018. In his petition for writ of mandamus, relator asserts respondent had a ministerial duty to rule on his motion within three business days. *See* TEX. R. CIV. P. 18a(f)(1). Therefore, relator asks this court to order the trial court to rule on his motion. Upon the filing of relator's petition, the office of the Honorable Sid Harle, Presiding Judge of the Fourth Administrative Judicial Region, provided this court with a copy of a letter mailed to relator, which states as follows:

> We are in receipt of your Objection to Judge Victor Villarreal in the above reference[d] cause. Under Gov't Code §74.053 an objection can only be made to the assignment of a senior/former judge. Judge Villarreal is the active judge of County Court [at] Law #2 of Webb [County] so you cannot file an objection to his assignment.

---

[1] This proceeding arises out of Cause No. 2017 FLI 001815 C3, styled *In the Interest of M.A.G. and Z.A.G., Children*, pending in the County Court at Law No 2, Webb County, Texas, the Honorable Victor Villarreal presiding.

We construe this letter as a denial of relator's Motion to Recuse. Although we do not address whether the presiding judge properly construed relator's motion as an objection under Government Code section 74.053,[2] it is clear the presiding judge acted on relator's motion. Therefore, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

---

[2] "Judges may be removed from a case either because they are constitutionally disqualified, TEX. CONST. art. V, § 11, because they are subject to a statutory strike, TEX. GOV'T CODE § 74.053(d), or because they are recused under rules promulgated by the Texas Supreme Court. TEX. R. CIV. P. 18a, 18b; TEX. R. APP. P. 16." *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding). "The grounds and procedures for each type of removal are fundamentally different." *Id.*