ACCEPTED
15-25-00217-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/25/2025 3:53 PM
CHRISTOPHER A. PRINE
CLERK

# IN THE FIFTEENTH COURT OF APPEALS
## AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/25/2025 3:53:47 PM
CHRISTOPHER A. PRINE
Clerk

## CASE NO. <u>15-25-00217-CV</u>

(Transferred from the Third Court of Appeals)

---

**CEDRIC M. SCOTT, PhD**
*Appellant, Pro Se*

v.

**GENERAL LAND OFFICE OF THE STATE OF TEXAS**
*Appellee*

---

On Appeal from the 250th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-25-000006

---

## APPELLANT'S MOTION FOR SANCTIONS AGAINST GLO FOR FILING A FRIVOLOUS MOTION TO DISMISS

---

Respectfully submitted,

/s/ *Cedric M. Scott*

Cedric M. Scott, PhD
901 Hidden Valley Drive, #9204
Round Rock, Texas 78665
cedricscott41@gmail.com

**Appellant, Pro Se**

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Appellant, Cedric M. Scott, PhD[1], respectfully moves for sanctions against the General Land Office ("GLO") pursuant to Tex. R. App. P. 45, Tex. Civ. Prac. & Rem. Code Chapter 10, and this Court's **inherent authority**, and states as follows:

## I.    INTRODUCTION

GLO's Motion to Dismiss is legally frivolous, factually unsupported, and procedurally improper. It relies on rulings issued by a disqualified trial judge, seeks affirmative appellate relief while GLO remains in procedural default, and misrepresents that Appellant "agreed" to dismissal based on an informal email sent **before** Appellant learned of Judge Liu's conflict of interest. GLO's Motion to Dismiss lacks any basis in law or fact, and because it was filed for the improper purpose of obscuring structural judicial error and avoiding appellate review, sanctions are warranted.

## II.    THE MOTION TO DISMISS IS FRIVOLOUS UNDER TRAP 45

An appellate court may award damages and costs when a party files a frivolous motion or brief. **Tex. R. App. P. 45.** A motion is frivolous when:

1. It has no reasonable legal basis,

2. It misstates controlling principles, or

---

[1] Plaintiff's first name is pronounced See-Drick and not Said-Drick. Gender is female, and pronouns are she, her, and hers.

3. A reasonable attorney should know it cannot succeed.

GLO's arguments depend on orders issued by Judge Cory R. Liu, who was later discovered to be **legally disqualified** under Tex. R. Civ. P. 18b(a)(1)(B). A disqualified judge's rulings are **void ab initio**. *In re City of Lubbock*, 624 S.W.3d 506, 510 (Tex. 2021) and *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998). Void orders cannot support dismissal, the Motion to Dismiss has no legal foundation.

## III. GLO CANNOT SEEK AFFIRMATIVE RELIEF WHILE IN DEFAULT

GLO never answered Appellant's Second Amended Petition, filed August 12, 2025, which added new allegations—including cronyism, blacklisting, conflicts of interest, discovery abuse, and contract-management failures. Under Tex. R. Civ. P. 62–65, new allegations require a new answer. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979), a party that fails to answer is in default and may not seek any affirmative relief, including:

- Motions to dismiss,

- Motions to compel,

- Discovery orders, or

- Appellate relief.

By filing a Motion to Dismiss despite being in procedural default, GLO invoked a remedy the law prohibits. This alone renders the Motion frivolous.

## IV. GLO MISREPRESENTS APPELLANT'S "NON-OPPOSITION" EMAIL

Appellant's email (dated 10/24/2025) sent weeks before Judge Liu's recusal and did not waive any rights because it was:

    a. Not filed with the Court,

    b. Not a Rule 11 agreement,

    c. Not an intentional relinquishment of a known right, and

    d. Sent before Appellant discovered the relevance of Judge Liu's disqualification.

Therefore, structural judicial errors cannot be waived. *Buckholts I.S.D. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982) and *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 886–87 (2009). GLO's reliance on this email is misleading and frivolous.

## V. SANCTIONS ARE AUTHORIZED UNDER TEXAS LAW

### A. TRAP 45 — Frivolous Motions

This Court may award just damages, costs, or "single or double costs" against a party filing a frivolous appellate motion.

### B. Tex. Civ. Prac. & Rem. Code § 10.001–10.006

Sanctions are appropriate where filings are:

1. Submitted for an improper purpose,

2. Legally insufficient, or

3. Without evidentiary support.

4

*Low v. Henry*, 221 S.W.3d 609, 619 (Tex. 2007) (affirming sanctions for misuse of judicial process). GLO's Motion to Dismiss fits all categories mentioned in this section.

## C. Inherent Authority

Courts may sanction conduct that abuses judicial process. *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997). Filing a motion founded on void orders, procedural default, and misrepresentation of waiver is such abuse. GLO never rejoined issue and remains in default, which bars any motion to dismiss. Because appellate jurisdiction depends on a valid order, and because GLO has none, their dismissal argument cannot stand.

## D. Texas Whistleblower Act requires judgment where statutory causation is met

Tex. Gov't Code §554.004(a):

- If termination occurs within 90 days of a protected report, causation is presumed as a matter of law. Appellant reported to HUD-OIG and Texas Rangers and GLO fired her within 90 days. Thus, causation is **established.**

GLO produced **zero rebuttal evidence** (because they defaulted). Thus, under the Act: (a) Liability is established, and (b) Judgment is appropriate.

## E. Internal Audit Report 25-01 corroborates your protected activity

GLO's internal audit report confirms:

- GLO's longstanding pattern of violations

- The exact deficiencies you reported

- Failures involving federal funds, contract oversight, compliance, and monitoring

This independent government-generated report suffices as objective corroboration of your whistleblower complaints. Therefore, no contrary evidence exists.

## F. Summary Judgment Relief

The Fifteenth Court of Appeals possesses authority to grant judgment in Appellant's favor because this record presents the rare situation where the:

1. Trial court never had lawful authority to act,

2. Appellee remains in procedural default, and

3. Material facts are undisputed.

A judge who is disqualified under Tex. R. Civ. P. 18b "is without authority to act, and any orders issued are void ab initio." *In re City of Lubbock*, 624 S.W.3d 506, 510 (Tex. 2021); *In re Union Pac.*, 969 S.W.2d 427, 428 (Tex. 1998).

Thus, every ruling made by Judge Liu—including the denial of Appellant's summary judgment—has no legal effect and cannot bar appellate relief.

## VI. REQUESTED RELIEF

Accordingly, because the factual record is conclusive, the Real Party in Interest is in default, and all adverse rulings below are void, the Court may—

consistent with Texas law—grant Appellant's requested relief without awaiting reassignment to a new trial judge. Appellant respectfully requests that the Court:

1.  IMPOSE SANCTIONS under TRAP 45, CPRC § 10.001, and inherent authority;

2.  Award Appellant her judgment, fees (if any), and just damages;

3.  Issue any further relief necessary to deter similar conduct.

## VII.  PRAYER

WHEREFORE, Appellant respectfully prays that this Court strike GLO's frivolous Motion to Dismiss, impose appropriate sanctions, and grant all further relief to which Appellant is entitled.

**Date: November 25, 2025**

Respectfully submitted,

/s/ Cedric M. Scott

Cedric M. Scott, PhD
Appellant, Pro Se
901 Hidden Valley Drive, #9204
Round Rock, Texas 78665
Email: cedricscott41@gmail.com

## CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Appellate Procedure 9.5, I hereby certify that on this 25th day of November 2025, a true and correct copy of the foregoing Motion for Sanctions Against GLO Filing a Frivolous Motion to Dismiss was e-filed and served via electronic service (e-service) to the Court and:

**Counsel for the General Land Office**

Sara Labashosky
State Bar No. 24129467
slabashosky@bickerstaff.com

Gunnar P. Seaquist
State Bar No. 24043358
gseaquist@bickerstaff.com

Bickerstaff Heath Delgado Acosta LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
(512) 472-8021

/s/ Cedric M. Scott
Cedric M. Scott, PhD
Appellant, Pro Se

**PROPOSED ORDER**

**CAUSE NO.: <u>15-25-00217-CV</u>** (Transferred from the Third Court of Appeals)

**IN THE FIFTEENTH COURT OF APPEALS**
**AUSTIN, TEXAS**

CEDRIC M. SCOTT, PhD,
Appellant, Pro Se

v.

GENERAL LAND OFFICE OF THE STATE OF TEXAS,
Appellee

---

On Appeal from the 250th Judicial District Court Travis County, Texas
Trial Court Cause No. D-1-GN-25-000006

---

**PROPOSED ORDER APPELLANT'S MOTION FOR SANCTIONS AGAINST GLO FOR FILING A FRIVOLOUS MOTION TO DISMISS**

---

On this day, the Court considered Appellant's Motion for Sanctions Against GLO for Filing a Frivolous Motion to Dismiss. After reviewing the motion, the Court's file, and applicable law, the Court finds that the Motion is well-taken and should be GRANTED. IT IS THEREFORE ORDERED that:

1. The General Land Office's *Motion to Dismiss* is **STRICKEN** as frivolous and legally improper;

2. The General Land Office is hereby **SANCTIONED** pursuant to Tex. R. App. P. 45, Tex. Civ. Prac. & Rem. Code § 10.001 et seq., and the Court's inherent authority;

9

3.  The Court awards **just damages** and **costs** in an amount to be determined.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2025.


_____
Justice, Fifteenth Court of Appeals

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108469030
Filing Code Description: Motion - Exempt
Filing Description: Motion To Strike
Status as of 11/25/2025 4:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Moore | | jmoore@bickerstaff.com | 11/25/2025 3:53:47 PM | SENT |
| Gunnar Seaquist | | gseaquist@bickerstaff.com | 11/25/2025 3:53:47 PM | SENT |
| Sara Labashosky | | slabashosky@bickerstaff.com | 11/25/2025 3:53:47 PM | SENT |
| Cedric  M.Scott | | cedricscott41@gmail.com | 11/25/2025 3:53:47 PM | SENT |