ACCEPTED
15-25-00217-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/25/2025 3:53 PM
CHRISTOPHER A. PRINE
CLERK

# IN THE FIFTEENTH COURT OF APPEALS
## AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/25/2025 3:53:47 PM
CHRISTOPHER A. PRINE
Clerk

### CASE NO. **15-25-00217-CV**

(Transferred from the Third Court of Appeals)

---

### CEDRIC M. SCOTT, PhD
*Appellant, Pro Se*

v.

### GENERAL LAND OFFICE OF THE STATE OF TEXAS
*Appellee*

---

On Appeal from the 250th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-25-000006

---

## APPELLANT'S MOTION TO STRIKE "GLO'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION"

---

Respectfully submitted,

/s/ *Cedric M. Scott*

Cedric M. Scott, PhD
901 Hidden Valley Drive, #9204
Round Rock, Texas 78665
cedricscott41@gmail.com

## Appellant, Pro Se

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Appellant, Cedric M. Scott, PhD[1], files this Motion to Strike the General Land Office's (GLO) Motion to Dismiss, and respectfully shows the Court as follows:

## I.    RELEVANT FACTS

GLO's Motion To Dismiss should be denied because:

1. It rests entirely on orders entered by a judge who was aware at the time of his appointment that he was legally disqualified but did not recuse himself from Appellant's case until November 21, 2025;

2. GLO has never answered the operative Second Amended Petition and remains in procedural default and has not re-joined the issue; and

3. There is no valid waiver, or consent that exists to support dismissal.

The record before the Court demonstrates structural defects that taints every adverse ruling issued below and renders dismissal improper as a matter of law.

## II.    ARGUMENT

### A. The Motion to Dismiss Cannot Stand Because the Trial Court's Orders Are Void Due to Judicial Disqualification

Judge Cory R. Liu previously represented GLO in matters substantially

---

[1] Plaintiff's first name is pronounced See-Drick and not Said-Drick. Gender is female, and pronouns are she, her, and hers.

related to federal CDBG-DR funds, compliance oversight, and civil-rights enforcement—the same categories of governmental conduct that underlie Appellant's whistleblower claims.

Under Tex. R. Civ. P. 18b(a)(1)(B), mandatory disqualification exists where a judge "served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter." Such disqualification is automatic and jurisdictional.

Texas law is unequivocal that a disqualified judge is "without authority to act in the case," and any orders entered are "void, not voidable." *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998); *In re City of Lubbock*, 624 S.W.3d 506, 510 (Tex. 2021). A disqualified judge has no authority to act. *In re Union Carbide Corp.*, 273 S.W.3d 152, 155–56 (Tex. 2008). Parties cannot waive or forfeit a judge's disqualification—silence is irrelevant. *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982). Any order signed by a disqualified judge is void whether or not the parties object. *Cox v. Cox*, 183 S.W.2d 206, 208 (Tex. 1944).

Judge Liu presided over this case for seven months knowing that he previously represented GLO, denied Appellant's summary judgment motion, refused to rule on default judgment and sanctions, compelled Appellant's deposition, and managed scheduling—all before recusing himself on November

3

21, 2025, only after Appellant provided supporting evidence of the conflict. These rulings form the very procedural posture on which GLO now relies in seeking dismissal. Because all such orders are void ab initio, they cannot support dismissal in this Court. Disqualification is a *structural defect*, not an evidentiary one. A judge must sua sponte (of one's own accord) to recuse himself when a disqualification ground exists. Judges cannot wait for litigants to discover the conflict. See Tex. R. Civ. P. 18b, Canon 3B(1).

### B. GLO Cannot Seek Dismissal Because It Has Not Re-Joined the Issue and Remains in Procedural Default

Appellant filed her Second Amended Petition on August 12, 2025, adding new allegations including retaliation, cronyism, blacklisting, data-breach nondisclosure, anti-discrimination training nondisclosure, and contract-management deficiencies. Under Tex. R. Civ. P. 62–65, an amended pleading that alleges new matters requires a new answer. GLO never filed any answer to this operative petition. Failure to answer renders a party in default, and all allegations in the amended petition are deemed admitted. See *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979); *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988).

A defaulting party may not request affirmative relief, challenge the merits, or move for dismissal until it has properly answered and rejoined issue. *Stoner*, 578 S.W.2d at 682. GLO's continuing refusal to answer strips it of standing to seek

4

dismissal of Appellant's claims. Its Motion to Dismiss is procedurally improper on this ground alone.

### C. Appellant's Earlier Email Cannot Constitute a Knowing Waiver Under Texas Law

GLO attempts to rely on an informal email sent early in the appellate process in which Appellant expressed no opposition to dismissal. However, this argument fails for several reasons. First, waiver of a fundamental right cannot occur where the proceedings were tainted by structural judicial errors. The United States Supreme Court has held that structural defects—such as judicial bias or disqualification—"defy harmless-error analysis" and are not subject to waiver. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 886–87 (2009). Texas courts follows the same rule: a party cannot consent to or ratify proceedings conducted by a disqualified judge. *Buckholts ISD v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982).

Second, conference emails do not constitute a binding waiver, stipulation, or Rule 11 agreement. A valid waiver must be intentional, knowing, and based on full knowledge of the relevant facts. Appellant's earlier email stating she did not oppose dismissal cannot constitute a waiver because it was sent before she discovered the full extent of Judge Liu's conflict of interest and structural disqualification. Throughout the litigation, Appellant consistently raised concerns that Judge Liu was prejudging her case, displaying favoritism toward GLO, and disregarding her motions for default, sanctions, and protection. At the time,

5

Appellant did not yet understand the legal significance of these irregularities because she had not yet connected them to the evidence in her possession—specifically, documents revealing Judge Liu's prior representation of GLO in matters substantially related to the present dispute. It was only during her preparation of the mandamus record that Appellant recognized the full implications: that the judge who issued all adverse rulings was legally disqualified ab initio under Tex. R. Civ. P. 18b(a)(1)(B).

Because her "non-opposition" email (October 24, 2025) predates this discovery, Appellant lacked the essential factual knowledge required to intentionally waive a structural constitutional right. The law is clear: no waiver is possible where a party is unaware of the foundational facts giving rise to the right at issue, particularly in cases involving judicial disqualification or structural bias. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 886–87 (2009) (due-process violations arising from judicial conflict cannot be waived); *Buckholts I.S.D. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982) (disqualification cannot be waived). Accordingly, GLO cannot rely on the email as a **knowing** or **voluntary waiver**, and it provides no basis for dismissal.

### D. Dismissal Would Improperly Reward Procedural Misconduct and Deprive Appellant of Meaningful Review

GLO's "Motion to Dismiss" essentially asks this Court to affirm and adopt rulings entered by a judge who lacked legal authority to act and to ignore GLO's

procedural default. Texas appellate courts refuse to permit litigants to benefit from the consequences of judicial disqualification or procedural manipulation. In, *In re Columbia Med. Ctr. of Las Colinas*, Subsidiary, L.P., 290 S.W.3d 204, 213 (Tex. 2009), the Supreme Court of Texas emphasized that due process prohibits judicial actions that undermine public confidence in the fairness and integrity of the proceedings. Dismissing the appeal under these circumstances—where the record is structurally compromised and where the Real Party in Interest has never answered—would violate Appellant's rights under Tex. Const. art. I §§ 13 and 19 and contradict fundamental principles of appellate review.

## III. CONCLUSION

Since the trial court's orders are void due to Judge Liu's disqualification and recusal, GLO remains in procedural default because no legally valid waiver exists, and because dismissal would reward misconduct and deprive Appellant of her statutory and constitutional rights. GLO's Motion to Dismiss must be denied.

## PRAYER

For these reasons, Appellant respectfully asks this Court to:

1. DENY the General Land Office's Motion to Dismiss;

2. Strike and disregard any reliance on orders issued by the disqualified trial judge;

3. Recognize the Honorable Judge Cory R. Liu's recusal;

7

4. Recognize GLO's continued procedural default for failure to answer the operative petition; and

5. Grant all further relief to which Appellant is justly entitled.

**Date: November 25, 2025**

Respectfully submitted,

/s/ Cedric M. Scott

Cedric M. Scott, PhD
Appellant, Pro Se
901 Hidden Valley Drive, #9204
Round Rock, Texas 78665
Email: cedricscott41@gmail.com

# CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Appellate Procedure 9.5, I hereby certify that on this 25th day of November 2025, a true and correct copy of the foregoing Motion To Strike GLO's Motion to Dismiss for Lack of Jurisdiction was e-filed and served via electronic service (e-service) to the Court and:

**Counsel for the General Land Office**

Sara Labashosky
State Bar No. 24129467
slabashosky@bickerstaff.com

Gunnar P. Seaquist
State Bar No. 24043358
gseaquist@bickerstaff.com

Bickerstaff Heath Delgado Acosta LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
(512) 472-8021

/s/ Cedric M. Scott
Cedric M. Scott, PhD
Appellant, Pro Se

**PROPOSED ORDER**

**CAUSE NO.: <u>15-25-00217-CV</u>** (Transferred from the Third Court of Appeals)

**IN THE FIFTEENTH COURT OF APPEALS**
**AUSTIN, TEXAS**

CEDRIC M. SCOTT, PhD,
Appellant, Pro Se

v.

GENERAL LAND OFFICE OF THE STATE OF TEXAS,
Appellee

---

On Appeal from the 250th Judicial District Court Travis County, Texas
Trial Court Cause No. D-1-GN-25-000006

---

**PROPOSED ORDER GRANTING APPELLANT'S MOTION TO STRIKE
GENERAL LAND OFFICE'S MOTION TO DISMISS**

---

On this day, the Court considered **Appellant's Motion to Strike GLO's Motion
to Dismiss**. Having reviewed the Motion, the response (if any), the record before
this Court, and the applicable law, the Court finds that:

1. All trial-court rulings relied upon by the General Land Office were issued by
   a constitutionally and statutorily disqualified judge, rendering such rulings
   **void ab initio** under *In re Union Pac. Res. Co.*, 969 S.W.2d 427 (Tex. 1998)
   and *In re City of Lubbock*, 624 S.W.3d 506 (Tex. 2021).

2. The General Land Office never answered Appellant's live Second Amended
   Petition filed August 12, 2025, which added new allegations including

10

cronyism, blacklisting, conflicts of interest, systemic contract-management deficiencies, data-breach nondisclosure, and discrimination-training failures.

3. Under Tex. R. Civ. P. 62–65 and *Stoner v. Thompson*, 578 S.W.2d 679 (Tex. 1979), a party that fails to answer an amended petition containing new claims **remains in procedural default** and **may not seek affirmative relief**, including dismissal.

4. GLO's attempt to seek dismissal while in default, and after having benefitted from void rulings of a disqualified judge, is **procedurally improper** and **cannot cure structural error** by answering the petition belatedly.

Appellant's prior email indicating she did "not oppose dismissal" was sent **before** she recognized the full implications that Judge Liu who issued all adverse rulings was legally **disqualified** under Tex. R. Civ. P. 18b(a)(1)(B) and therefore cannot constitute waiver because **structural judicial error is not waivable**. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Buckholts I.S.D. v. Glaser*, 632 S.W.2d 146 (Tex. 1982).

Accordingly, the Court finds the Motion to Strike should be **GRANTED**.

**IT IS THEREFORE ORDERED that:**

1. Appellant's Motion to Strike the General Land Office's Motion to Dismiss is **GRANTED**.

2. The **General Land Office's Motion to Dismiss** is hereby **STRICKEN in its entirety** and shall not be considered by this Court.

3. The General Land Office remains **in procedural default** until it properly answers the live Second Amended Petition in the trial court after assignment to a lawful, non-conflicted judge.

4. The Court expressly finds that **answering the petition at this stage does not cure structural judicial error** or retroactively validate void orders issued by a disqualified judge.

5. The appeal shall proceed in the normal course.

SIGNED this _____ day of _____, 2025.

_____
Justice, Fifteenth Court of Appeals

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108469030
Filing Code Description: Motion - Exempt
Filing Description: Motion To Strike
Status as of 11/25/2025 4:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jeffrey Moore | | jmoore@bickerstaff.com | 11/25/2025 3:53:47 PM | SENT |
| Gunnar Seaquist | | gseaquist@bickerstaff.com | 11/25/2025 3:53:47 PM | SENT |
| Sara Labashosky | | slabashosky@bickerstaff.com | 11/25/2025 3:53:47 PM | SENT |
| Cedric  M.Scott | | cedricscott41@gmail.com | 11/25/2025 3:53:47 PM | SENT |